WESTERN DISTRICT OF TN
FILED IN OPEN COURT:
DATE: 5-30-23
TIME: 9:30 Am
INITIALS: MB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.: <u>1:22-cr-10017-STA</u> |
| TELISHA FUTRELL, | ) |
| Defendant. | ) |

# PLEA AGREEMENT

COME NOW the parties herein, the defendant, TELISHA FUTRELL, being represented by her counsel, DANIEL J. TAYLOR, and the United States of America, being represented by WILLIAM JOSHUA MORROW, Assistant United States Attorney for the Western District of Tennessee, and hereby agree as follows:

1. The following plea agreement constitutes the entire agreement between the parties, and the parties agree that any issues not specifically addressed by this plea agreement shall be resolved by the Court in accordance with the applicable statutes, guidelines, rules, and case law.

2. The defendant agrees to plead guilty to Count 3 of the Indictment in the above-styled cause because she is in fact guilty of that offense. If the Court accepts this plea agreement, at the time of sentencing, the Government will move to dismiss the remaining counts of the Indictment against the defendant (Counts 1-2 and 4-10). The defendant will also pay a $100.00 special assessment following sentencing.

1

## STIPULATION OF FACTS IN SUPPORT OF GUILTY PLEA

3.      In 2018, agents with the Internal Revenue Service (IRS) became aware of a fraud scheme occurring in West Tennessee, including in Madison County, Tennessee, which is in the Western District of Tennessee.  Two individuals, David Allen and Barbara Sims-Woods, told IRS agents that an individual later identified as the defendant Telisha Futrell, had defrauded them.  In 2014, Allen began to receive text messages from someone claiming to be a nurse at a hospital in Nashville.  Allen was informed in the text messages that one of his Facebook friends named Jessica Johnson was very wealthy, and that she had died.  Allen was also informed that he was the beneficiary of a multi-million-dollar inheritance, and that to claim his inheritance, he would have to pay taxes on the inheritance up front.  Allen was informed that the payment of taxes would be handled through an individual named "Shieka Obannon."  Later investigation revealed that Obannon was the defendant, Telisha Futrell.

While pretending to be Obannon, the defendant introduced herself to Allen as an employee with the IRS.  Allen began regularly meeting with the defendant, and in 2015, he began making payments to her to purportedly pay the taxes on the inheritance up front.  Allen paid the defendant in cash and by using money transfers, such as Western Union, JPay, and MoneyGram.  Allen solicited his friend, Sims-Woods, to continue making the payments to the defendant, and Futrell would meet Sims-Woods at locations in Jackson and Nashville to collect the payments.  According to Allen and Sims-Woods, they paid the defendant a total of approximately $200,000 and $100,000, respectively, during the defendant's fraud scheme in this case.  During their investigation in this case and based on their review of certain documentation and other information, agents have

been able to verify that the defendant's fraudulent conduct caused Allen and Sims-Woods to suffer a total loss of at least $169,627.81. Also, on at least one occasion, agents conducted physical surveillance and witnessed the defendant meet with Sims-Woods in Jackson for Sims-Woods to make a payment to the defendant in furtherance of the defendant's fraud scheme.

On or about June 12, 2017, while in Jackson (Madison County), Tennessee, Allen sent $600 to the defendant upon her request via a Western Union money transfer as part of her scheme. The government would have called a witness from Western Union to testify that its computer servers were located outside of Tennessee, and therefore this transaction traveled in and affected interstate commerce.

### BREACH OF PLEA AGREEMENT BY THE DEFENDANT

4.    If the defendant commits or attempts to commit any additional crimes, if she engages in any conduct which constitutes obstructing or impeding justice within the meaning of Section 3C1.1 of the United States Sentencing Guidelines, if she fails to make any court appearances in this case from the date of her signing of this plea agreement to the date of her sentencing hearing, or if she attempts to withdraw her guilty plea, the Government will be released from its obligations set forth in this plea agreement and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release her from her guilty plea.

### ADDITIONAL CONCESSIONS BY THE GOVERNMENT

5.    The Government agrees not to object to a recommendation by the probation office or a ruling of the Court which awards the defendant an appropriate-level decrease in her offense level for acceptance of responsibility under Section 3E1.1 of the United

States Sentencing Guidelines. If the offense level in the defendant's Presentence Investigation Report (PSR) is 16 or greater and the Court accepts a recommendation in the PSR that the defendant receive a two-level reduction in her offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a), the Government agrees to move for an additional one-level reduction for acceptance of responsibility under § 3E1.1(b) for a total of three-level reduction. However, the Government will not be obligated to move for the additional one-level reduction or to recommend that the defendant receive any reduction in her offense level for acceptance of responsibility if the defendant engages in any conduct that is inconsistent with acceptance of responsibility, including, but not limited to, the following conduct: (a) if the defendant falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this plea agreement; (b) if the defendant falsely denies any additional relevant conduct in this case; (c) if the defendant is untruthful with the Government, the Court, or her probation officer; or (d) if the defendant materially breaches this plea agreement.

6. The Government agrees not to seek an enhancement under U.S.S.G. § 2B1.1(b)(2)(A) for substantial financial hardship to a victim and agrees to recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), that this enhancement is not applicable in this case.

7. The Government also agrees not to seek an enhancement under U.S.S.G. § 2B1.1(b)(10)(A) for multi-jurisdictional fraud or an enhancement under U.S.S.G. § 2B1.1(b)(10)(C) for sophisticated means and agrees to recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), that these enhancements are not applicable in this case.

8. The Government agrees to recommend to the Court, pursuant to Fed. R. Crim. P. 11(c)(1)(B), that the appropriate loss amount in this case is $169,627.81, which provides for a 10-level increase in the defendant's offense level under U.S.S.G. § 2B1.1(b)(1)(F).

## CONCESSIONS BY THE DEFENDANT

9. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the Government in this plea agreement, the defendant hereby waives all rights conferred by § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence is imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in § 3742(b). However, if the Government appeals the defendant's sentence pursuant to § 3742(b), the defendant shall be released from the above waiver of her appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the Government, to request that the Court enter a specific finding that she knowingly and voluntarily waived her right to appeal the sentence to be imposed in this case (subject to the above exceptions).

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

10. There are no other agreements between or among the parties to this plea agreement. The defendant is satisfied that all acts and/or any omissions of her counsel

have been the result of reasonable professional judgment and that she has been provided adequate legal representation in this case. The defendant enters into this plea agreement freely, knowingly, and voluntarily, and upon the advice of her counsel.

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

_____
DANIEL J. TAYLOR
Counsel for the Defendant

_____
WILLIAM JOSHUA MORROW
Assistant United States Attorney
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422-6220

5-30-23
Date

_____
TELISHA FUTRELL
Defendant